URI MANLY et al., Plaintiffs in Error, *v.* BENJAMIN N. GIBSON, Defendant in Error.

ERROR TO MENARD.

Where the State Bank of Illinois acquired real estate subsequent to the assessment of taxes thereon, the tax became a lien upon the land, which the bank was bound to discharge, before an alienation of the land.

Manly et al. *v.* Gibson.

Where the precept under which land was sold, under the revenue law of 1839, was a certified copy of the judgment pronounced on the report of the collector, which contained a description of each tract of land and town lot ordered to be sold, with the amount of tax and costs due thereon, the sale will not be vitiated by a failure to furnish the sheriff with a copy of the collector's report.

If a party claiming title under a sale for taxes makes out a *primâ facie* case, by the production of a sheriff's deed founded on a valid judgment and precept for the taxes of 1842, the presumption arises, that the requisitions of the statute were complied with, and the burden of proof is thrown on the party contesting the tax title.

This cause was heard in the Circuit Court of Menard County, before Woodson, Judge, at March term, 1852, of the Menard Circuit Court.

W. H. Herndon, for plaintiff in error.

T. Harris, for defendant in error.

Treat, C. J.   This was an action of ejectment brought by the trustees of the State Bank of Illinois against Gibson, to recover the possession of two lots in the town of Petersburg. On the trial, the plaintiffs proved that the State Bank of Illinois acquired the legal title to the lots on the 20th of February, 1843; and that the defendant had possession thereof when the suit was commenced.   The defendant read in evidence a judgment of the circuit court, entered at the June term, 1843, against the lots in question, and other real estate, for the taxes due thereon for the year 1842; also a precept issued on the judgment, under which the lots were sold on the 19th of June, 1843; and a deed from the sheriff to the purchaser, dated the 27th of August, 1845.   The plaintiffs objected to the introduction of this evidence.   The defendant then proved that he had succeeded to the title acquired by the purchaser at the tax sale. The court refused to instruct the jury that they must find for the plaintiffs, unless it appeared in evidence that the county commissioners' court levied the taxes for the year 1842, in pursuance of law.   The jury returned a verdict for the defendant, and the court rendered judgment in his favor.

Three objections are made to the tax title.

First, The bank was required by its charter, to " pay into the State treasury annually, on the first day of January, one half per cent. on the amount of capital stock paid in by individuals, in lieu of all taxes and impositions whatever."   It is insisted that the lots were exempt from taxation by this provision. There is no force in this position.   The lots were not the

12*

property of the bank when the tax was charged upon them. The law required the assessment to be completed by the first Monday of June, and the tax list to be delivered to the collector on the second Monday of September. Taxes were charged against the lots, and the collector was invested with authority to collect them, long before the bank acquired title. The tax was a lien on the lots, which was not divested by the alienation. The bank purchased the lots with this lien resting upon them, which it was bound to discharge to avoid a sale.

Second, It is contended that the precept was defective. It was a certified copy of the judgment pronounced on the report of the collector. It contained a description of each tract of land and town lot ordered to be sold, and the amount of tax and costs due thereon. The law in force when the sale was made reads thus: " It shall be the duty of the clerk within five days after the adjournment of said court, to make out, under the seal of the court, a copy of the collector's report, together with the order of the court thereon, which shall hereafter constitute the process on which all lands shall be sold for taxes, and deliver the same to the sheriff of his county." The collector's report was, in substance, copied into the judgment. The judgment contained every thing reported by the collector which could be of any service to the sheriff in executing the order of the court. It directed him what lands were to be sold, and the amount of the tax and costs to be raised by the sale. There was not the least reason for furnishing him a copy of the report in addition. The failure to perform that unnecessary act will not vitiate the sale. And such was, in effect, the ruling of this court in Job *v.* Tibbetts, 5 Gilm. 376.

Third, It is insisted that it was incumbent on the defendant to prove that taxes for the year 1842, were regularly levied by the county commissioners' court. This is an erroneous view of the statute. A party claiming title under a sale for taxes, makes out a *primâ facie* case, by the production of a sheriff's deed founded on a valid judgment and precept. This is all that he is bound to show in the first instance. He is not required to go behind the judgment, and show that the previous proceedings were regular. In such case, the presumption arises, that the requisitions of the statute were complied with. The burden of proof is thrown on the party contesting the tax title.

The judgment must be affirmed.

*Judgment affirmed.*